**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **AUTOLOXER LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **FORD MOTOR COMPANY** <br><br> Defendant. | CIVIL ACTION NO. 14-cv-931 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Autoloxer LLC files this Original Complaint for Patent Infringement against Ford Motor Company, and would respectfully show the Court as follows:

**I. THE PARTIES**

1. Plaintiff Autoloxer LLC ("Autoloxer" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 2150 South Central Expressway #200, McKinney, Texas 75070.

2. On information and belief, Defendant Ford Motor Company ("Defendant") is a Delaware corporation with its principal place of business at One American Road, Dearborn, Michigan 48126.

**II. JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at

least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has used and/or sold the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sales of vehicles from within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its sale of the vehicles with the MyKey system within the State of Texas and from this District.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,084,735)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On August 1, 2006, United States Patent No. 7,084,735 ("the '735 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '735 Patent is titled "Remote Vehicle Security System." A true and correct copy of the '735 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Autoloxer is the assignee of all right, title and interest in the '735 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '735 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '735 Patent by Defendant.

11. The '735 Patent has been cited as prior art during the prosecution history of subsequently-issued United States patents, including patents assigned to Polaris Industries Inc. and Caterpillar Inc.

12. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 1 of the '735 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising selling and/or using vehicles with the MyKey system, and/or similar functionality, which include a system for limiting performance of a vehicle comprising a first controller located aboard said vehicle and configured to control, in accordance with a stimulus originating from a location local to the vehicle, to a first operational performance characteristic; a command device located remotely from the vehicle and configured

to send a control signal via a wireless communication network; a receiving device located aboard said vehicle and configured to receive said control signal; and a second controller located aboard the vehicle and configured to limit, in response to said control signal, said control of said vehicle to a second operational performance characteristic when said stimulus indicates to said first controller to control said vehicle to the first operational performance characteristic; wherein said second controller is further configured to (i) transmit to said first controller, responsive to said control signal, a vehicle limitation command message to place said vehicle in a vehicle limitation mode, and (ii) cause a vehicle limitation flag to be stored in non-volatile memory, and wherein said vehicle limitation flag is indicative of maintaining said vehicle in said vehicle limitation mode.

13. Upon information and belief, Defendant has been and now is also directly infringing at least claim 33 of the '735 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising selling and/or using vehicles with the MyKey system, and/or similar functionality, by performing a method for limiting a performance characteristic of a vehicle, comprising receiving via a wireless communication network a vehicle limitation control signal; and responsive to said vehicle limitation control signal, limiting the vehicle to a speed below a maximum speed by providing a limiting reference voltage to a throttle position sensor, wherein said limiting reference voltage is less than a primary reference voltage, and wherein said primary reference voltage is operable to allow said throttle position sensor attain said maximum speed.

14. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '735 patent, *i.e.*, in an amount that by law

cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. On information and belief, Defendant will continue its infringement of one or more claims of the '735 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

16. On information and belief, Defendant has had at least constructive notice of the '735 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 7,084,735 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 7,084,735; and

    e.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  October 3, 2014　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　*/s/ David R. Bennett*
　　　　　　　　　　　　　　　　　　　By:　David R. Bennett
　　　　　　　　　　　　　　　　　　　　　　Direction IP Law
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 14184
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60614-0184
　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 291-1667
　　　　　　　　　　　　　　　　　　　　　　e-mail:  dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF AUTOLOXER LLC**